# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| EDDIE C. RISDAL, MYSTERYBOY INCORPORATION, | |
| Plaintiffs, | No. C05-0135-LRR |
| vs. | INITIAL REVIEW ORDER |
| DAVE SCOTT, JAILER MARLEEN EBERT, JAILER MCDONNA/LADONNA, | |
| Defendants. | |

This matter is before the court on the plaintiffs' application to proceed in forma pauperis. The plaintiffs submitted such application on August 10, 2005. Along with their application to proceed in forma pauperis, the plaintiffs submitted a "complaint." On August 16, 2005, the plaintiffs submitted a supplement or amendment to their "complaint."

The plaintiffs did not submit the statutory $250.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $250.00 filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). Stated differently, a court may permit a person to proceed with litigation in forma pauperis, that is, "without prepayment of fees or security therefor," if the person submits an affidavit that shows the inability "to pay such fees or give security therefor." *Id*. In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison. 28 U.S.C. § 1915(a)(2).

A prisoner bringing a civil action in forma pauperis is required to pay the full $250.00 filing fee. 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff Risdal's application to proceed in forma pauperis, as filed, is insufficient. Plaintiff Risdal is currently confined at the Cherokee County Jail in Cherokee, Iowa, and he did not submit a certified copy of his inmate account statement for the past six months, obtained from the appropriate prison official. *See* 28 U.S.C. § 1915(a)(2).[1] Therefore, Plaintiff Risdal's application to proceed in forma pauperis shall be denied.

Moreover, in 1996, Congress enacted the Prisoner Litigation Reform Act to deter frivolous prisoner litigation. *Lyon v. Vande Krol*, 127 F.3d 763, 764 (8th Cir. 1997). The Prisoner Litigation Reform Act requires all prisoners to pay the $250.00 filing fee for civil cases and differentiates among prisoners on method of payment. *See* 28 U.S.C. § 1914(a) (requiring $250.00 filing fee); 28 U.S.C. § 1915 (explaining proceedings in forma pauperis). Prisoners who have not had three prior cases dismissed as frivolous need only pay a percentage of the fee at the outset and the remainder over time. 28 U.S.C. § 1915(b)(1)-(4). Such litigants will not be barred from pursuing a claim by inability to make the initial required partial payment. *Id.* In contrast, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if

---

[1] Although Plaintiff Risdal states in the supplement or amendment to the "complaint" that he is unable to obtain a certificate of inmate account, Plaintiff Risdal has had no trouble acquiring such certificate in other cases. *See e.g.*, *Risdal v. Vilsack*, No. C05-4077-LRR (N.D. Iowa 200_).

2

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding in forma pauperis." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Prior to filing the instant action, Plaintiff Risdal filed at least three frivolous actions or appeals.[2] *See* 28 U.S.C. § 1915(g). In addition, it is clear from the "complaint" and the supplement/amendment that Plaintiff Risdal is not under imminent danger of serious physical injury.[3] *Id.* Thus, under the circumstances here, the court is unable to grant Plaintiff Risdal in forma pauperis status.

Similarly, Plaintiff Mysteryboy Incorporation is not entitled to in forma pauperis status. An artificial entity such as a corporation is not a "person" for purposes of 28 U.S.C. § 1915(a)(1), that is, "only a natural person may qualify for treatment *in forma*

---

[2] Plaintiff Risdal has filed 14 cases in this district. Plaintiff Risdal has filed 83 cases in the Southern District of Iowa. Out of those cases he filed in this district and the Southern District of Iowa, Plaintiff Risdal filed approximately 40 appeals. A cursory review of the cases and appeals filed by Plaintiff Risdal indicates that the "three strikes" provision clearly applies to him. *See, e.g., Risdal v. Galloway*, No. C04-40326-JEG (S.D. Iowa 2004) (applying 28 U.S.C. § 1915(g)).

[3] Although Plaintiff Risdal states that he is under imminent threat of serious physical injury, the court finds Plaintiff Risdal made such statement to avoid the three strikes provision. Nonetheless, the other reasons cited by the court are sufficient to deny the plaintiffs' application to proceed in forma pauperis. Further, in the event that the court concluded that Plaintiff Risdal was under imminent threat of serious physical injury, it would only permit that claim to go forward, that is, the court would dismiss the remainder of his claims under the three strikes provision.

*pauperis* under [28 U.S.C.] § 1915." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). Accordingly, Plaintiff Mysteryboy Incorporation's application to proceed in forma pauperis shall be denied.[4]

In sum, it is appropriate to deny the advantages of proceeding in forma pauperis to the plaintiffs. Because the court determined that neither plaintiff is entitled to in forma pauperis status, this action shall be dismissed. All other requests, including the plaintiffs' request for appointment of counsel, shall be denied as moot. The Clerk of Court shall file the "complaint" for the purpose of making a record.

For the benefit of the plaintiffs, the court notes that a cursory review of the plaintiffs' claims suggests that many, if not all, of them are either malicious or frivolous and that a cursory review of the relief requested suggests the court is unable to grant much of the relief sought. The plaintiffs should refrain from filing such claims and seeking such relief. In addition, the court notes the plaintiffs' "complaint" does not comply with the Local Rules or the Federal Rules of Civil Procedure. *See* L. R. 10.1(b) (addressing form of filings); Fed. R. Civ. P. 8 (addressing general rules of pleading). The "complaint" is single-spaced, is difficult to read, and contains multiple claims (some specific, some general). Many of the plaintiffs' factual allegations of wrongdoing are devoid of specific actors. This style of pleading robs the defendants of fair notice. Complaints such as the instant one make it difficult for a defendant to file a responsive pleading and make it difficult for the trial court to conduct orderly litigation. In the event that the plaintiffs elect to submit the filing fee and resubmit their complaint, they should describe their claims in

---

[4] The court notes that, even if the court determined Plaintiff Risdal qualified for in forma pauperis status, it would not be appropriate to permit the case to be filed because Plaintiff Mysteryboy Incorporation does not qualify for in forma pauperis status.

short and plain statements, saying no more than is necessary to explain what happened, where it happened, when it happened, who did it and what they want the court to do about it. In addition, Plaintiff Risdal should comply with the limiting order of the Southern District of Iowa. *See In re Risdal*, No. M-1-97-3 (S.D. Iowa 1991).[5] It makes no difference that Plaintiff Risdal is now located in the Northern District. The court does not believe Plaintiff Risdal is entitled to a fresh or clean start, especially considering that he has filed six cases in the last three months. Finally, the court notes that it is highly unlikely that Plaintiff Risdal exhausted his administrative remedies given the number of

---

[5] In the limiting order, the court cited *In re Tyler*, 839 F.2d 1290 (8th Cir. 1988), for the proposition that it is appropriate to impose limitations on the right of access to the court by those who abuse it and found Plaintiff Risdal abused the judicial process by filing a multitude of meritless law suits and such conduct would continue unless limitations were imposed. To maintain the integrity of the judicial process, the court imposed several measures. Such measures include, but are not limited to, the following:
    1) Plaintiff Risdal could not file more than one new complaint every two months, unless the complaint alleges in clear, specific language facts showing that a life threatening emergency exists. If he does so contend, he must explain the basis for that contention in a statement consisting of no more than one page, written on one side of the paper.
    2) Complaints should not have exhibits attached to them.
    3) The "statement of claim" portion of his complaint could not exceed three pages, written on one side of the paper.
    4) Motions could not exceed two pages, written on one side of the paper, and could not be supported by more than five pages of exhibits.

claims that are asserted in his "complaint."[6]  As an inmate, Plaintiff Risdal must exhaust his administrative remedies before filing any complaint.  *See* 42 U.S.C. § 1997e(a).

**IT IS THEREFORE ORDERED**:

1) The plaintiffs' application to proceed in forma pauperis is denied.

2) The plaintiffs' "complaint" is dismissed.

3) All other requests, including the plaintiffs' request for appointment of counsel, are denied as moot.

4) The Clerk of Court is directed to file the "complaint" for the purpose of making a record.

**DATED** this 18th day of August, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[6] Although Plaintiff Risdal states that he has exhausted his administrative remedies, the court believes Plaintiff Risdal made such statement because he is well aware of the requirements imposed by 42 U.S.C. § 1997e(a).  Indeed, many of his past cases have been dismissed on this ground.